(173 App. Div. 123)

### THOMPSON v. AMERICAN OPTICAL CO.

(Supreme Court, Appellate Division, First Department. June 2, 1916.)

1. CORPORATIONS ☞423—TRUSTEES—FOREIGN LAW—LIABILITY.

Under the laws of Massachusetts permitting a corporation to transfer its property to trustees who may thereafter do business in the name of the old corporation, the acts of the trustees in conducting the business are in fact independent of a corporation, and any liability would be that of the trustees and not of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695, 1903, 1906; Dec. Dig. ☞423.]

2. CORPORATIONS ☞425(4)—TRUSTEES—LIABILITY—ESTOPPEL.

The fact that the trustees, to whom a corporation had transferred its property, to carry on business in the name of the old corporation, used letter heads carrying the name of the corporation and the date of its incorporation, would not estop the corporation defending an action for damages for a libel from claiming that the act of the attorney for the trustees in writing the letter alleged to be libelous was not the act of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1700, 1701; Dec. Dig. ☞425(4).]

Appeal from Special Term, New York County.

Action by Warren E. Thompson against the American Optical Company. From an order, vacating a judgment (158 N. Y. Supp. 662) dismissing the complaint upon the merits, defendant appeals. Order reversed, and motion denied.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

William Rand, Jr., of New York City, for appellant.
Lewis Schuldenfrei, of New York City, for respondent.

SMITH, J. The action is for damages for a libel. The libel was contained in a letter written upon paper which had the defendant's letter head, and was signed, "American Optical Co., H. H. Styll, Legal Dept." Upon the trial of the action the plaintiff put Styll upon the stand, who swore that he wrote the letter, but that he was acting for three trustees, who, under the laws of Massachusetts, held by transfer the property of the defendant, and that he was not the attorney for the defendant at the time he wrote the letter. The plaintiff was surprised by this evidence, and stated that he could make no further proof connecting the defendant with the publication, and the complaint was dismissed. Plaintiff afterwards made this application to open the

judgment, alleging his discovery after the trial that the letter in question was written upon paper which contained the letter head of the defendant company.

[1, 2] Under the laws of Massachusetts it seems to be permissible for a corporation to transfer its property to trustees and for the trustees thereafter to do business in the name of the old corporation. For any liability in the course of that business the trustees are personally liable, and not the corporation. While this practice under the Massachusetts law is apt to create confusion, and lead the public to believe that the acts of the trustees were in fact the acts of the corporation, nevertheless, after the property had been transferred to the trustees under whatever name the trustees did their business, their acts were in fact independent of the corporation, and could create no liability against the corporation. It is argued that, because the letter heads were allowed to be used by the trustees, including the words "Incorporated 1869," the defendant corporation was estopped from claiming that the act of Styll was not the act of the corporation. It is probable that when the property was transferred to the trustees some letter paper was also transferred. The use of that letter paper thereafter by the attorney for the trustees was the act of the trustees, and not the act of the corporation, and we are unable to see any element of estoppel which would prevent the corporation from denying the authority of the attorney to act in its behalf.

As the plaintiff fails to show, therefore, that any cause of action exists against the defendant, the judgment should not be set aside, and the order should be reversed, with $10 costs and disbursements, and motion denied. All concur.